UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK WAYNE SUTTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>　　　　　Defendant. | NO. C17-5918-RJB-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Mark Wayne Sutton appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I.　　FACTS AND PROCEDURAL HISTORY

Plaintiff is a 61-year-old man with a master's degree. Administrative Record ("AR") at 39. His past work experience includes employment as a mental health therapist. AR at 234. Plaintiff was last gainfully employed in November 2013. AR at 214.

In December 2013, Plaintiff applied for DIB and SSI, alleging an onset date of June 30,

REPORT AND RECOMMENDATION - 1

2013. AR at 190-98.  Plaintiff asserts that he is disabled due to back injuries.  AR at 213.

The Commissioner denied Plaintiff's claims initially and on reconsideration.  AR at 121-25, 130-39.  Plaintiff requested a hearing, which took place on May 3, 2016.  AR at 32-70.  On June 1, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform his past work as a clinical psychologist.  AR at 19-27.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On November 6, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 4.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Sutton bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 3

or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On June 1, 2016, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since June 30, 2013, the alleged onset date.

REPORT AND RECOMMENDATION - 4

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, status post three back surgeries, and L5 radiculopathy.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift and carry 20 pounds occasionally and 10 pounds frequently; stand or walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday. The claimant needs to alternate sitting and standing, such that he can sit for an hour and would need to stand for five to 10 minutes before returning to a seated position. Conversely, he can stand for an hour and would need to sit for five to 10 minutes before returning to a standing position. The claimant can alternate between these positions throughout the eight-hour work day without the need to leave the work station. The claimant can also occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. He should avoid exposure to excessive vibration and hazards such as unprotected heights and dangerous machinery.

6. The claimant is capable of performing past relevant work as a mental health specialist/psychologist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2013, through the date of this decision.

AR at 18-26.

## VI.  ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in finding at step four that Plaintiff could perform his past work as generally and/or actually performed. Dkt. 10 at 1.

## VII.  DISCUSSION

Plaintiff argues that the ALJ erred in finding that his RFC would permit him to perform his past work as a "mental health specialist/psychologist." According to Plaintiff, his need to

REPORT AND RECOMMENDATION - 5

alternate between sitting and standing throughout a workday prevents him from performing his past work as either actually or generally performed.

A.  Legal standards

Although the claimant bears the burden at step four, the ALJ retains a duty to make factual findings to support his conclusion, including a determination of whether a claimant can perform the actual demands and job duties of his past relevant work or the functional demands and job duties of the occupation as generally performed in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*. (citing SSR 82-62, 1982 WL 31386 (Jan. 1, 1982)). The Dictionary of Occupational Titles ("DOT") is generally considered the best source for determining how past relevant work is generally performed. *Id*. at 845-46.

B.  The ALJ did not err in finding that Plaintiff could perform his past work as generally performed.[2]

Plaintiff argues that the ALJ erred in finding that he could perform his past work as a clinical psychologist as generally performed, despite his need for a sit/stand option, because

---

[2] The ALJ did err in finding that Plaintiff could perform his past job as actually performed, because there is no evidence that Plaintiff performed any of his previous counseling jobs in a manner consistent with the ALJ's RFC assessment, which contemplates that Plaintiff alternates between sitting and standing throughout the workday. *Compare* AR at 236-41 (Plaintiff's work history report) *with* AR at 22 (ALJ's RFC assessment). This error is harmless, however, because the ALJ's finding that Plaintiff could perform his past work as generally performed is supported by substantial evidence, for the reasons explained herein. *See, e.g.*, *Romo v. Berryhill*, 2018 WL 163007 at *3 (9th Cir. Apr. 5, 2018) (finding that an erroneous finding that a claimant can perform a job as actually performed is harmless in light of a proper finding that a claimant can perform a job as generally performed).

REPORT AND RECOMMENDATION - 6

the DOT's definition of the therapist job does not mention a sit/stand option and instead classifies the job as "sedentary." Dkt. 10 at 4. That the DOT does not mention sit/stand options does not preclude a vocational expert ("VE") from testifying about sit/stand options based on his or her own experience, as the VE did here. *See, e.g.*, *Dewey v. Colvin,* 650 Fed. Appx. 512 (9th Cir. May 26, 2016) (holding that because the DOT does not address sit/stand options, a VE's testimony about the applicability of a sit/stand option in a particular job does not conflict with the DOT). The VE testified that based on his experience, a psychologist job would be amenable to a sit/stand option. AR at 66 ("[Y]ou can do the counseling sitting or standing. Counseling is counseling."). The VE also testified that in his experience, height-adjustable desks are customarily provided for employees who need them. AR at 66-69.

Plaintiff argues that the VE's testimony did not establish that "a majority of clinical psychologists perform their work sitting or standing." Dkt. 10 at 4-5. But this point is irrelevant: the issue at step four is whether the functional demands and job duties of Plaintiff's former job as generally performed throughout the economy *can be* performed in a manner consistent with the ALJ's RFC assessment, and it does not matter if other people also perform that job in a manner consistent with the ALJ's RFC assessment. It appears that Plaintiff misunderstands what must be "general" about how a job is "generally performed": it is the functional demands and job duties — not the manner in which those duties are performed — that must be generally agreed upon. *See, e.g.*, *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) ("'[I]f the claimant . . . can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."'" (quoting SSR 82-61, 1982 WL 31387, at *2)). The DOT definition of the clinical psychologist position does not list any particular standing or sitting requirements, or mention any job duties that must be performed sitting or standing, and thus Plaintiff's need for a

REPORT AND RECOMMENDATION - 7

sit/stand option does not interfere with any of the functional demands or job duties of that work. *See* DOT 045.107-022, *available at* 1991 WL 646624 (Jan. 1, 2016); *Yuzon v. Berryhill*, 2017 WL 1013291, at *4 (C.D. Cal. Mar. 15, 2017). It is therefore fatal to Plaintiff's assignment of error that he concedes that the VE's testimony "is sufficient to find that an individual *could* perform the job of a therapist with a sit/stand option[.]" Dkt. 12 at 1. That is all that is required to support a finding that a claimant could perform his or her past work as generally performed. Thus, because the VE's testimony supports the ALJ's finding that Plaintiff could perform his past work as generally performed, in a manner consistent with the ALJ's RFC assessment, the ALJ did not err at step four.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 17, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 20, 2018**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

//

//

//

REPORT AND RECOMMENDATION - 8

assigned District Judge acts on this Report and Recommendation.

DATED this 3rd day of July, 2018.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9